IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01326-RBJ-KLM

JAMES SARDAKOWSKI,

    Plaintiff,

v.

TOM CLEMENTS, in his individual capacity,
TRAVIS TRANI, in his individual capacity, and
KAVIN SNYDER, in his individual capacity,

    Defendants.

---

# ORDER

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court on Plaintiff's **Motion for State Payed Counsel** [Docket No. 22; Filed July 23, 2012] (the "Motion to Appoint") and on Plaintiff's **Motion to [Clarify] the Record** [Docket No. 23; Filed July 23, 2012] (the "Motion to Clarify").

First, in the Motion to Clarify Plaintiff assumes that *pro bono* counsel has been engaged for him and that Plaintiff has needlessly spent time and money on his case. Although Plaintiff asserts that he has been approached by a law firm, no attorney has entered an appearance on the docket, and thus Plaintiff continues to proceed in this matter as a *pro se* litigant. Accordingly, **Plaintiff is still responsible for litigating his case and complying with all Court orders and other requirements.** *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* litigants must follow the same procedural rules that govern other litigants).

Second, the Motion to Appoint requests that the Court appoint counsel to represent Plaintiff. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a *pro se* plaintiff remains responsible for litigating his case himself.

Plaintiff is incarcerated, initiated this case *pro se*, and was granted permission to proceed *in forma pauperis*. *See* [#1, #9]. Plaintiff's complaint alleges denial of adequate psychotropic medication, denial of mental health care, and serious risk of self-harm or suicide. *See Compl.* [#1] at 3. In consideration of these circumstances, the Court grants Plaintiff's Motion to Appoint to the extent that Plaintiff's case will be placed on the list of cases available for volunteer counsel. Again, **placement on the list frequently does not result in counsel being obtained. If an attorney does not volunteer to represent Plaintiff, Plaintiff is warned that he must comply with all scheduled Court dates and Court orders.** Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Appoint [#22] is **GRANTED** to the extent that the Clerk of Court is directed to include this matter on the list of *pro se* cases available for volunteer counsel.

IT IS FURTHER **ORDERED** that the Motion to Clarify [#23] is **GRANTED** to the extent outlined above.

DATED: August 2, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge