IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01326-KLM

JAMES SARDAKOWSKI,

    Plaintiff,

v.

TOM CLEMENTS, in his individual capacity,
TRAVIS TRANI, in his individual capacity, and
KAVIN SNYDER, in his individual capacity,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Temporary Restraining Order** [Docket No. 1; Filed May 21, 2012], filed as part of Plaintiff's original Complaint; on Defendant's **Motion to Dismiss** [Docket No. 17; Filed July 9, 2012]; and on Plaintiff's **Motion for Leave to File Amended Complaint** [Docket No. 48; Filed October 25, 2012] (the "Motion to Amend"). Defendants initially stated their opposition to the Motion to Amend, but in their Response [#60] they withdraw their objections. Accordingly, pursuant to Fed. R. Civ. P. 15(a)(2),

    IT IS HEREBY **ORDERED** that the Motion to Amend [#48] is **GRANTED**.

    IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#48-1] for filing as of the date of this Minute Order.

    IT IS FURTHER **ORDERED** that the Motion for Temporary Restraining Order [#1] is **DENIED without prejudice**.[1]  *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint supersedes original complaint).

---

[1] The Court construed Plaintiffs original Complaint [#1], which he filed as a *pro se* litigant before obtaining counsel, as seeking a temporary restraining order, in part. The Amended Complaint [#48-1] does not renew this request.

IT IS FURTHER **ORDERED** that the Motion to Dismiss [#17] is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated:  November 19, 2012